| 14. One day, making application for order of court for sale | 7 00 |
| 15. Services of auctioneer | 2 00 |
| 16. Commission on three hundred and ninety-two dollars at five per cent. | 19 60 |
| 17. S. T. Newton, attorney's fee | 25 00 |

The 1st, 2d, and 3d charges are not only extravagant, but they are not authorized by the law. The acts done by the assignee, however, and for which these charges were made, may be regarded as among the general services rendered by him, for which the court may make him a reasonable allowance. The exceptions to these items are therefore sustained, and in lieu thereof five dollars is allowed.

The 4th and 5th items are correct, and therefore allowed.

The 6th seems to me to be extravagant, if allowable at all. The bankrupt should have been required to deliver the notes and accounts into court, or to the assignee. But if the service was performed, as charged, a reasonable compensation should be allowed. Referred again to the register.

The 7th item is correct. Exception, therefore, overruled.

The 8th, 9th, and 10th require explanations and evidence to justify them. Referred to register again.

The matter embraced in the 11th item is also referred to the register again. If the service, as charged for, was necessary, and actually performed in this particular case, and no other cases were charged for the same time, then it would be proper to allow it.

The 12th item is allowed.

The 13th and 14th are disallowed. These charges are not authorized by law, and they are excessive. For the services mentioned in both these items seven dollars is a sufficient compensation, and that much is hereby allowed.

The 15th is disallowed. The law contemplates that the assignee shall himself sell the property of the estate. There may be cases in which it would be proper to employ an auctioneer, but the necessity for so doing should be first shown to the court, and leave obtained.

The 16th is correct, and therefore allowed.

The 17th needs explanation. The assignee does not state for what an attorney's fee is charged, and it would be difficult to tell what need he had for the services of one in the administration of this small estate. For this reason, and the views briefly mentioned by me touching a like charge in the case of In re Davenport [Case No. 3,587], the matter is again referred to the register.

The 6th, 8th, 9th, 10th, 11th, and 17th charges are again referred to Mr. Register Whitmore, who is hereby instructed to hear any pertinent and proper evidence in regard to the services charged for in the several items, and their actual performance and necessity, and after so doing, to allow or disallow the said charges in whole or in part, as he may deem just; and should his decision thereon be objected to by the creditors or assignee, the same to be certified to me for revision, together with the evidence on which it is based.

---

## Case No. 10,908.

### PEIRCE v. REINTZEL.

[2 Cranch, C. C. 101.] [1]

Circuit Court, District of Columbia. June Term, 1814.

WITNESS—INTEREST IN CONTROVERSY.

The principal obligor, having confessed judgment, and having been released by the defendant from the costs of this suit, is a competent witness for the defendant, to prove the bond usurious.

Debt on the joint and several bond of Daniel and John Reintzel. Daniel, the principal obligor, having confessed judgment, was offered as a witness for the defendant, to prove usury. The plaintiff objected, and cited the case of Virginia v. Evans [Case No. 16,969], in this court at November term, 1809, and Riddle v. Moss, 7 Cranch [11 U. S.] 206. The defendant released to Daniel Reintzel all costs of the present action in case judgment should go against him.

THE COURT (THRUSTON, Circuit Judge, doubting) permitted the principal obligor to testify for the defendant.

---

PEIRCE (WEBB v.). See Cases Nos. 17,820 and 17,321.

---

## Case No. 10,909.

### PEIRCE v. WEST.

[Pet. C. C. 351.] [2]

Circuit Court, D. Pennsylvania. Oct. Term, 1816.

EQUITY — EFFECT OF FAILURE TO FILE GENERAL REPLICATION — EVIDENCE TO CONTRADICT ANSWER — LEAVE TO FILE REPLICATION AFTER CAUSE SET DOWN FOR HEARING.

1. If the complainant in a bill in chancery, does not file a general replication to the answers of the defendant, the answer is to be taken as true, and no evidence can be given by the complainant to contradict it.

[Cited in The Mary Jane, Case 9,215; Pierce v. Brown, 7 Wall. (74 U. S.) 212.]

[Cited in brief in Ballantine's Appeal, 67 Pa. St. 182.]

2. After a cause was set down for hearing on bill and answer, and a reference to the auditor, the plaintiff was allowed to file a general replication.

[Cited in Jameson v. Conway, 10 Ill. 230. Distinguished in Snyder v. Martin, 17 W. Va. 283.]

---

[1] [Reported by Hon. William Cranch. Chief Judge.]

[2] [Reported by Richard Peters, Jr., Esq.]